## WALTON v. COLLINS.

(Supreme Court, Appellate Division, Second Department. February 7, 1899.)

REMOVAL OF TRUSTEE—MALFEASANCE—COMPENSATION.

　　　Where the trustee of a relief fund, without authority of the board to which he was responsible, invests the money in part in a mortgage taken in his own name, and falsely alleges an investment of the balance of the fund in a mortgage proven to be a fabrication, in which the mortgagors were fictitious parties, and repudiates the authority of the board over the fund, and violates his duty as trustee in relation thereto, it is proper to remove him, and appoint a successor, requiring the removed trustee to account for the moneys received, with interest, and be credited with any reasonable charges in originally obtaining possession of the money, and with any payments made by him by the authority of the board, but with no allowance for commissions as trustee, or counsel fees or disbursements incurred in resisting the claim of the board to such funds.

Appeal from special term, New York county.

Action by William P. Walton, as president of the Board of Officers of the Eleventh Regiment of the National Guard of the State of New York, against Charles H. Collins. There was a judgment for plaintiff, and defendant appeals. Transferred from First to Second department. Affirmed.

The following is the opinion of the court below:

I, HENRY R. BEEKMAN, the justice of this court before whom this action was tried, at a special term of this court, part 4, held at the court house, in

the city and county of New York, on the 12th and 15th days of November, 1897, having heard the allegations and proofs of the parties, do hereby decide the issues herein, stating briefly the grounds of my decision, as follows:

The Board of Officers of the Eleventh Regiment of the National Guard of the State of New York is a voluntary, unincorporated association, which was formed, prior to the year 1879, of and among the officers of the said Eleventh regiment, and which has been continued to this date. It consists of more than seven members, and the plaintiff is the president and presiding member thereof. In or about the year 1879 a fund was raised by said board of officers and their friends, for the purpose of being used for the relief of sick and destitute members of said regiment who had not neglected their duties for the six months prior to their sickness, or, in case of their death, of their families. The said fund was known as the "Relief Fund" of said regiment. One Frederick D. Umbekant, who was the colonel of the regiment, and the president and presiding officer of said board of officers, in or about the year 1879, was elected by said board of officers the trustee of said fund, to hold the same, and pay out the same pursuant to the directions of said board of officers, and from that time the said fund was administered under the direction of said board of officers, for the said charitable purposes for which it was created, and payments were made by said trustee, and by his successor, on the votes and orders of said board of officers. Frederick D. Umbekant died, and Albert P. Stewart, who succeeded him as colonel of the regiment, in or about the year 1885, was elected to succeed him as trustee of said trust, and payments therefrom were made by him on the votes and orders of said board of officers. In January, 1889, said Eleventh regiment of the National Guard of the state of New York was disbanded by the commander in chief. At that time there were between 400 and 500 privates and noncommissioned officers, and over 20 commissioned officers, connected with said regiment. Albert P. Stewart died on May 11, 1893, being then in possession of said fund, the whole or a part of which was deposited in the United States Trust Company, in the city of New York, to the credit of Albert P. Stewart, trustee. On June 10, 1893, said board of officers of the said Eleventh regiment elected the defendant, Charles H. Collins, who was then a member of said board of officers, a trustee of said fund, to succeed said Albert P. Stewart. Thereafter said Charles H. Collins applied to this court, upon a verified petition, and upon notice to Emily Stewart, the administratrix of the estate of said Stewart, for an order that said fund be paid over to him as such trustee. In his said petition he stated the fact of his appointment as such trustee by said board of officers, together with other facts. Upon this petition an order was made by this court, at a special term thereof, held at chambers, at the court house, in the city of New York, on the 28th day of June, 1893, by which it was "ordered that said Emily Stewart forthwith surrender unto said Charles H. Collins, said petitioner and trustee, the United States Trust Company's certificate No. A68,718 for three thousand two hundred and thirty-four $20/100$ ($3,234.20) dollars; and it was further ordered that, upon the surrender of said certificate unto the said trust company by said Charles H. Collins, the United States Trust Company of New York City, after deducting from the amount of said certificate the sum of four hundred and sixty ($460) dollars, paid to Albert P. Stewart, mentioned in said petition, pay over forthwith to said Charles H. Collins the sum of two thousand seven hundred and seventy-four $25/100$ ($2,774.25) dollars, and the interest due thereon, to be held by said Charles H. Collins as trustee of said Eleventh Regiment Relief Fund." On the footing of said order. and in pursuance of the same, said defendant, Charles H. Collins, obtained and received from said United States Trust Company the sum of $2,819, as follows, to wit: On July 20, 1893, the sum of $2,000, and on September 19, 1893, the further sum of $819. Said payments were made to the said Charles H. Collins by the checks of said United States Trust Company on the Bank of the Manhattan Company, and were payable to his order as trustee, and they were indorsed by him as trustee, and also as an individual, and were thereupon deposited by him in his own bank, and to his own personal credit.

The fact that he had collected and received these sums of money was not made known by the said Charles H. Collins to the said board of officers until more than one year after the last of said payments, to wit, on December 22,

1894, on which date a meeting of said board of officers was held, at which he. was present, and at which certain of the members of the association stated that they had heard that the money had been collected, and inquired of him with relation thereto. At this time the defendant made various false statements as constituting reasons why the fund in his hands must remain with him, and he further stated that the entire fund had been invested by him on a mortgage upon real estate in the county of Westchester, payable in 60 days, and secured by the bond of responsible parties. At this meeting, after the defendant had made his statement with regard to the fund and its investment, the said board of officers elected Gustav Junker and Harold B. Christensen as trustees to act with said defendant with relation to said trust, and authorized them to procure a full accounting from the defendant with relation to the said trust. Shortly thereafter, and in the early part of January, 1895, Messrs. Junker and Christensen, the trustees appointed by said board of officers, called upon the defendant, and requested to be shown the securities in which the fund had been invested by him. He then stated that these securities were not then at his office, and appointed another day when they could call, and when they would be shown the securities of which he had spoken. Pursuant to this appointment, and on January 22, 1895, Messrs. Junker and Christensen again called at the office of the defendant, when they were shown by him a paper which he said was a mortgage representing the investment of the entire fund received by him. This mortgage was taken into the possession of Messrs. Junker and Christensen by them, contrary to the active protest and resistance of the defendant, and was produced in evidence before me. This mortgage purports to have been made by Samuel C. Searson, of the town of New Rochelle, county of Westchester, and state of New York, and Agnes W., his wife, to Charles H. Collins, as trustee of the Eleventh Regiment Relief Fund, to secure the sum of $2,800 on November 1, 1894, with interest from September 11, 1894. It purports to mortgage a block of land in the town of Williamsbridge, county of Westchester, and state of New York, bounded by Bridge street, Pier street, Hawthorne avenue, and Fern place. It bears date September 11, 1894, and purports to have been acknowledged on that day, before Robert J. Roby, Jr., a notary public, and to have been recorded in the office of the register of the county of Westchester, in the "city of White Plains," in Liber 1121 of Mortgages, page 505.

It was fully proved and conceded before me that the said mortgage was a fabrication; that the mortgagors were fictitious persons; that it had been executed in their imagined names, either by the defendant in person, or by some other person, pursuant to his authority and direction; that no person had ever acknowledged the instrument; that the property secured was imaginary and fictitious; that it had never been recorded in any office; and that the signature purporting to be that of the register to the certificate of record had also been placed upon the paper by the defendant. or pursuant to his direction. The paper did, however, conform to the description of the mortgage which the defendant had represented to his associates in the board of officers as being the security in which he had invested the funds received by him as trustee of the relief fund of the regiment, in this: that it stated the amount of the fund correctly to within $19, that it did purport to be upon Westchester county property, and that it did purport to be payable within 60 days from its date. A sum of money, amounting to about $1,250, was invested by the defendant on a mortgage, assigned to himself personally, upon property in the state of New Jersey; but this investment was not made pursuant to any authority given to him by the board of officers, was not made as trustee of this fund, or as trustee for any other purpose, and was without legal authority. Since the discovery by the Board of Officers of the Eleventh Regiment Relief Fund of the fact that the defendant had received this fund into his possession, he has repudiated the authority of the board of officers over it, and has resisted every effort on their part to have any control over said fund, and has violated his duty as trustee with relation thereto.

I therefore decide that the plaintiff is entitled to a judgment that the said defendant, Charles H. Collins, be removed as trustee of the Eleventh Regiment Relief Fund, and that he account for all of the moneys belonging to said fund heretofore received by him, before Edward L. Patterson, Esq., of

the city of New York, counselor at law, appointed a referee to take such accounting; that on such accounting he be charged with the sum of $2,819, with interest on $2,000 thereof from July 20, 1893, and on $819 thereof, from September 19, 1893; that he be credited with the reasonable costs and charges of making the motion in this court, upon which the order was obtained directing the payment of said money by the United States Trust Company, and with any payments made by him by the authority of the Board of Officers of the Eleventh Regiment for the charitable purposes for which said trust was created, or which may be ratified or approved by them, or by the attorney for the plaintiff in this action, but that no allowance should be made to him on such accounting for commissions as trustee, or for counsel fees or disbursements incurred in resisting the claims of the plaintiff in this action; that said referee also take proof, and report, with respect to any other disbursements made by said Collins in the administration of his trust, and that he take proof and report upon Collins' claim for compensation out of the fund for services rendered by him, before he was appointed trustee, in the action of Walton against Stewart, for the recovery of the fund; that said referee also take proof, and report, with respect to the amount which should be paid for the compensation and disbursements of the attorney and counsel for the prosecution of this action, and for any proceeding against the defendant herein with relation to said fund, and obtaining security therefor; that on the coming in and confirmation of the report of said referee on said accounting, the said defendant pay to the Knickerbocker Trust Company of the city of New York, the trustee hereby appointed of said Eleventh Regiment Relief Fund in the place and stead of Charles H. Collins, the amount so reported due, and that he pay to the plaintiff in this action the costs and disbursements thereof, together with such additional allowance as may hereafter be granted; that the said Knickerbocker Trust Company, as trustee, pay out and dispose of said fund on the orders of the Board of Officers of the Eleventh Regiment of the National Guard of the State of New York, for the charitable purposes for which said fund was created, as above set forth, to wit, for the relief of sick and destitute members of said regiment who had not neglected their duties for the six months prior to the disbandment of such regiment, or, in case of their death, to their families; that said trustee pay from said fund the reasonable compensation and disbursements, as determined by the final judgment herein, of attorney and counsel for prosecution of this action, and for any proceeding against the defendant herein with relation to said fund, and obtaining security therefor; and that the order of said board of officers, subscribed by the secretary and treasurer of said board of officers, and by any other two persons who may be nominated and appointed by said board of officers to certify to such orders, shall be a full justification of, and protection for, said trust company for making such payments; and said trust company, as trustee as aforesaid, shall not be required to inquire as to the propriety of said orders. And I hereby direct judgment to be entered accordingly.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

C. H. Collins, for appellant.

William Langdon (Abner C. Thomas, of counsel), for respondent.

PER CURIAM. Interlocutory judgment affirmed, on opinion of BEEKMAN, J., at special term. Final judgment modified by striking out the allowances to plaintiff's attorney and to his counsel, and by awarding in lieu thereof 5 per cent. on the amount of the recovery, and final judgment, as modified, affirmed, with costs to the respondent.